UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT A. MILLS,

Petitioner,

v. CASE NO. 6:11-cv-690-Orl-36GJK

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

**ORDER**

Petitioner, through counsel, initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 19).

Petitioner alleges three claims for relief in his petition: (1) trial counsel rendered ineffective assistance by failing to discover exculpatory evidence related to his conviction for sale of cocaine, (2) his right to due process was violated because newly discovered evidence demonstrates he is actually innocent of the sale of cocaine conviction, and (3) trial counsel rendered ineffective assistance by inducing him to enter a plea based on improper advice and false promises. As discussed hereinafter, the Court concludes that the petition is untimely and otherwise subject to denial pursuant to 28 U.S.C. § 2254(d).

***I. Procedural History***

In case number 2006-CF-019829, Petitioner was charged by information with sale of

cocaine (count one) and possession of cocaine (count two). In case number 2006-CF-19826, Petitioner was charged by second amended information with aggravated assault on a law enforcement officer (count one), felony driving while license revoked, fleeing or attempting to elude a police officer (count two), resisting an officer without violence (count three), reckless driving (count four), and two counts of leaving the scene of an accident involving property damage (counts five and six). In case number 2006-CF035758, Petitioner was charged by information with one count of possession of a firearm by a convicted felon.

On September 10, 2007, Petitioner entered a global plea of guilty as charged to all counts in the three cases, with the exception of count one in case number, 2006-CF-19826, to which Petitioner pled guilty to the lesser charge of aggravated assault. The plea agreement provided for an eight-year sentencing cap. Pursuant to the plea agreement, on September 28, 2007, the state court sentenced Petitioner to an eight-year term of imprisonment for sale of cocaine and a five-year term of imprisonment for possession of cocaine in case number 2006-CF-19829. In case number 2006-CF-35758, the state court sentenced Petitioner to a five-year term of imprisonment. In case number 2006-CF-19826, the trial court sentenced Petitioner to five-year terms of imprisonment for counts one and two, to a one-year term of imprisonment for count three, and to a sixty-day term of imprisonment for counts four, five, and six. All sentences were ordered to run concurrently. Petitioner did not appeal the judgments and sentences.

On December 28, 2009, Petitioner, through counsel, filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The state court denied the motion.

Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*. Mandate was issued on November 29, 2010.

Petitioner filed the instant petition on April 14, 2011.

### *II. Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the

date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgments are dated September 28, 2007. He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Because Petitioner did not file a direct appeal, his convictions became final on October 28, 2007, thirty days after the written sentences were rendered. Thus, he had through October 28, 2008, absent any tolling, to file his § 2254 petition.[1]

Petitioner argues that § 2244(d)(1)(D) and equitable tolling apply because the factual predicate of his claims could not have been discovered with due diligence until approximately August 2009 when his post-conviction attorney requested a copy of the audiotapes related to the drug transactions from the Melbourne Police Department. Petitioner maintains that the audiotapes were not in the possession of his trial counsel or the state prosecutor.

"The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered." *Melson v. Allen*, 548 F. 3d 993, 999 (11th Cir. 2008). "Due diligence means the petitioner 'must show some good reason why he or she was unable to discover the facts' at an earlier date." *Id.* (quoting *In re Boshears*, 110 F. 3d 1538, 1540 (11th Cir. 1997)).

---

[1]The Court is aware that Petitioner filed a state post-conviction motion; however, because the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of section 2244(d)(2) does not apply to the state post-conviction proceeding. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

"Merely alleging that an applicant 'did not actually know the facts underlying his or her claim does not pass the test.'" *Id*. (quoting *In re Boshears*, 110 F. 3d at 1540). "Instead, the inquiry focuses on 'whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are newly discovered.'" *Id*. (quoting *In re Boshears*, 110 F. 3d at 1540).

Likewise, the Supreme Court of the United States has held that AEDPA's one-year statutory limitations period set forth in " § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DeGuglielmo,* 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id*. at 2565 (internal quotations and citations omitted). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). The petitioner bears the burden of establishing the applicability of equitable tolling). *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner has not demonstrated that he pursued his rights diligently such that he was unable to discover the facts supporting his claims prior to the entry of his plea on September 10, 2007, or at the latest by October 28, 2008. The record reflects that the State notified Petitioner prior to his plea that the electronic surveillance was available for

copying at the State Attorney's Office or the Melbourne Police Department. (Doc. No. 16-2 at 45-46.) In his Rule 3.850 motion, Petitioner maintained that he had requested his trial attorney to "obtain the audio recordings from the alleged drug transactions on at least five (5) different occasions." *Id.* at 8. Thus, Petitioner was aware before he entered his plea that such recordings existed. Nevertheless, Petitioner chose to enter a plea without first listening to the recordings or notifying the trial court of such. Petitioner then waited approximately two years before attempting to obtain the recordings. The Court concludes that Petitioner has not demonstrated that he exercised due diligence to discover the factual predicate of his claims or that extraordinary circumstances prevented him from timely filing the instant petition. Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling, and the petition was not timely filed pursuant to 28 U.S.C. § 2244(d)(1)(D) .

Petitioner argues that the one-year limitation should not bar his claims because he is "actually innocent." A showing of actual innocence may relieve habeas petitioners from the burdens imposed by § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "The petitioner meets the 'probably resulted' standard by demonstrating, based on the new evidence, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup*, 513 U.S. at 327, 329).

"The 'reasonable doubt' standard is not to be determined on the basis of the district court's independent judgment, but should be based on the district court's 'probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). "The petitioner must support the actual innocence claim 'with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Id*. (quoting *Schlup*, 513 U.S. at 327, 329). The circumstances meriting the consideration of a procedurally defaulted or barred constitutional claim are "extremely rare" and apply only in the "extraordinary case." *Schlup*, 513 U.S. at 324 ("[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.").

The audiotapes on which Petitioner relies to establish his actual innocence are not new evidence given that they were available to him prior to the entry of his plea. *See, e.g., Goldblum v. Klem*, 510 F.3d 204, 226 n. 14 (3d Cir. 2007) ("Evidence is not 'new' if it was available at trial, but a petitioner merely chose not to present it to the jury.") (internal quotation marks omitted)); *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997) ("The evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence."). Moreover, during the plea hearing, the State provided a factual basis indicating that in March 2006 Petitioner sold $100 worth of crack cocaine, which Petitioner had just cooked, to a confidential informant. (Doc. No. 16-1 at 35, 37.) The trial court asked Petitioner if he had provided crack to the person on that day, and Petitioner responded affirmatively. *Id*. at 39. Although the audiotapes of the

transaction and the affidavit of the confidential informant raise a question as to whether Petitioner in fact sold crack to the confidential informant on that day, Petitioner's representation to the trial court that he had sold crack seriously undermines any claim of actual innocence. In such circumstances, the Court concludes that the actual innocence exception should not be applied to overcome the time limitation of 28 U.S.C. § 2244(d).

Alternatively, however, the Court notes that if the instant action were timely, the Court would deny Petitioner's claims pursuant to 28 U.S.C. § 2254(d). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

Upon review of the record, the Court concludes that the state court's denial of Petitioner's claims are neither contrary to, nor an unreasonable application of, clearly established federal law.  The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88.  The prejudice requirement of the *Strickland* inquiry is modified

when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

With respect to claim one, the Court notes that Petitioner entered a global plea to numerous charges in three separate cases. The sentences to which Petitioner was subject if convicted of all the charges after a trial totaled more than fifty-years in prison in the aggregate. Pursuant to the plea agreement, the sentences for all of the offenses were capped at eight years. In light of the number of charges against him and the sentences Petitioner faced if convicted after a trial, the Court concludes that Petitioner has not demonstrated that a reasonable probability exists that he would not have entered a plea of guilty pursuant to the global plea agreement had counsel discovered the audiotapes of the drug transactions.

Likewise, Petitioner's free-standing claim of actual innocence is not cognizable on habeas review. A claim of actual innocence based on newly discovered evidence is not cognizable in habeas proceedings because federal habeas relief is designed to rectify constitutional violations, rather than factual errors. *See Herrera v. Collins,* 506 U.S. 390, 390-91 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings."); *Townsend v. Sain*, 372 U.S. 293 (1963) ("[T]he existence merely of newly discovered evidence relevant

to the guilt of a state prisoner is not ground for relief on federal habeas corpus."); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."); *Drake v. Francis*, 727 F.2d 990, 993 (11th Cir. 1984) ("In order for a claim of newly discovered evidence to justify habeas review, the evidence must bear on the constitutionality of the defendant's conviction.").

Finally, in claim three, Petitioner maintains that counsel improperly advised him that he would be sentenced only to five years. The record reflects, however, that the plea agreement provided for an eight-year maximum sentence and the trial court advised Petitioner of the maximum sentence contemplated by the plea agreement. (Doc. No. 16-1 at 27-28.) Petitioner then chose to enter a plea of guilty pursuant to the plea agreement. Petitioner, therefore, has not demonstrated that he was prejudiced as a result of counsel's purported representation concerning the sentence Petitioner would receive. Thus, claims one and three would be denied pursuant to Section 2254(d) and claim two would be denied because it is not cognizable.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

***III. Certificate of Appealability***

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 26th day of August, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 8/26
Counsel of Record